United States District Court
Western District of Texas
El Paso Division

United States of America,
    Plaintiff,

v.

Nelson Aragones,
    Defendant.

EP-18-CR-3544-DCG

### Government's Opposition to Defendant's "Motion According to a Writ of Nunc Pro Tunc"

The United States of America respectfully files this response to Defendant Nelson Aragones' *pro se* "Motion According to a Writ of Nunc Pro Tunc," wherein he challenges the computation of his sentence by the Bureau of Prisons (BOP). (ECF No. 99). As explained below, Defendant's motion should be denied on two grounds: first, this Court lacks jurisdiction to consider the motion because the Defendant is not incarcerated in the Western District of Texas; second, the Defendant has not shown that he exhausted his administrative remedies.

### Procedural History

The procedural history of this case is described in this Court's opinion and order denying Aragones' motion pursuant to 28 U.S.C. § 2255. ("Opinion," ECF No. 92 at 1-5). Thus, only a brief summary follows.

Aragones is serving a 120-month sentence for drug trafficking. (ECF No. 64).

In 2022, Aragones filed a § 2255 motion claiming, in part, that his counsel was ineffective for failing to ensure that he receive certain credit toward his federal sentence. In particular, Aragones argued that his counsel did not ensure that Aragones receive credit for time served between March 25, 2019, when he was taken into federal custody on a writ of habeas corpus *ad prosequendum*, and November 16, 2020, when he was sentenced for his federal crime.

In its Opinion, this Court recognized that BOP cannot grant credit against a federal sentence for time spent in pretrial custody *if* that time is credited toward another sentence. (Opinion at 8). In denying Aragones' claims of ineffective assistance of counsel, this Court found that Aragones "ha[d] not shown that the BOP improperly calculated the credit for the time he spent under Marshals Service after March 25, 2019," and that Aragones had also "not shown that the Court committed any error that could be redressed in a § 2255 motion in sentencing him." (ECF No. 92).

On or about May 30, 2023, Defendant filed the pending motion. (ECF No. 99).

## Discussion

A.  Jurisdiction for a challenge to BOP's sentencing computation lies in the district of incarceration

Responsibility for calculating detention credit lies with the Attorney General, through the BOP, and not the courts. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). The proper method for challenging BOP's calculation of the duration of a sentence, including time credits, is through the filing of a petition under 28 U.S.C. § 2241 in the district of incarceration, after exhaustion of administrative remedies. *See, e.g.*, *United States v. Alfaro*, 4:12-CR-252, 2022 WL 1240857, at *4 (E.D. Tex. April 22, 2022) (slip copy) (collecting cases). *See also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001) ("Section 2241 petitions must be filed in the district of the prisoner's incarceration."); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) ("To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian.").

Defendant is currently incarcerated at FCI Coleman Medium in Sumterville, Florida, in the Middle District of Florida. *See* Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited June 7, 2022) (click on "Find By Name" and enter

"Nelson Aragones"). Accordingly, even if this Court were to construe the pending motion as a petition under § 2241, the Court lacks jurisdiction to consider the merits of the motion.

B.  <u>Defendant has not shown that he exhausted his administrative remedies</u>

A federal prisoner may not seek habeas relief related to the execution of a sentence without first exhausting the administrative remedies made available by the BOP. *See, e.g.*, *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985)). However, the futility exception applies in only extraordinary circumstances, and the federal prisoner bears the burden of establishing that pursuit of his administrative remedies is futile. *Id.* Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted).

The BOP has a four-step administrative process for resolving complaints by prisoners. *See* 28 C.F.R. §§ 542.10–542.19; *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017).[1] A prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit an Administrative Remedy Request to the Warden. *See* 28 C.F.R. § 542.14(a). A prisoner not satisfied with the warden's response may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If still unsatisfied, the prisoner may appeal to the General Counsel. *Id.* An appeal to the General Counsel is the final administrative

---

[1] *See also* Fed. Bureau of Prisons, *Administrative Remedy Program*, https://www.bop.gov/policy/progstat/1330_018.pdf (last visited June 8, 2023).

3

appeal. *Id.* If the inmate does not receive a response within the time allotted for reply, including any extensions, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18. An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) (per curiam) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

In his motion, Defendant writes that he pursued administrative remedies by contacting staff and filing a "BP-8." (ECF No. 99 at 1). However, this is merely an informal request for relief. *See, e.g.*, *Butts*, 877 F.3d at 579, 582. BOP has confirmed that the Defendant has not exhausted his administrative remedies. *See* Ex. A.[2]

Accordingly, the motion should be denied.

---

[2] Aragones' motion cites two attachments, but those attachments were not filed with the motion. (ECF No. 99 at 3). The documents that he cites do, however, appear to have been included with his § 2255 motion. *See* ECF No. 91 at 27-28.

**Conclusion**

Based upon the foregoing, Defendant's motion should be denied.[3]

                              Respectfully submitted,

                              JAIME ESPARZA
                              United States Attorney for the
                              Western District of Texas

By:       /s/
            ANNA E. ARREOLA
            New York Registration No. 4151775
            NATHAN BROWN
            Texas Bar No. 24044239
            Assistant U.S. Attorneys
            700 E. San Antonio, Suite 200
            El Paso, Texas 79901
            (915) 534-6884

---

[3] In the event that the Court reaches the merits of Defendant's motion, the Government respectfully requests an opportunity to supplement its opposition to the motion with briefing on the merits.

CERTIFICATE OF SERVICE

I certify that on June 12, 2023, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. In addition, because the Defendant is in custody, I caused a copy of the foregoing to be mailed to:

Nelson Aragones (Register No. 28199-480)
FCI Coleman Medium
Federal Correctional Institution
P.O. Box 1032
Coleman, FL 33521
*PRO SE*

/s/
ANNA E. ARREOLA
Assistant United States Attorney

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> NELSON ARAGONES, | Case No. 18-CR-3544 |

## DECLARATION OF JOHNNA BURROWS

In accordance with 28 U.S.C. § 1746, I, Johnna Burrows, make the following declaration, under penalty of perjury.

1. I am presently employed with the U.S. Department of Justice, Federal Bureau of Prisons (BOP) at the BOP's South Central Regional Office, as a Paralegal Specialist. I have been employed by the BOP since 1999. I have served as a Paralegal Specialist since 2022.

2. The following statements are based upon my review of BOP's official files and records.

3. I have reviewed BOP SENTRY computer records to determine if inmate Nelson Aragones, Federal Register Number 28199-480, has exhausted the Administrative Remedy Program regarding the issue of calculation of his sentence. My review has revealed that inmate Aragones, Federal Register Number 28199-480, has not filed any Administrative Remedy Requests or Appeals at all on any topic during his incarceration.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this _8th_ day of June 2023.

Johnna Burrows
Paralegal Specialist
Federal Bureau of Prisons